UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| OLIVIA MCCULLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 2:21-cv-2264 |
| ) | |
| IDE MANAGEMENT CORPORATION, ) | |
| d/b/a NORTH LOGAN HEALTH CARE, LLC., ) | |
| ) | **JURY TRIAL** |
| Defendant. ) | **DEMANDED** |

**COMPLAINT AT LAW**

NOW COMES Plaintiff, Olivia McCullough ("Plaintiff" or "McCullough"), by and through her attorney of record, Ronald S. Langacker, and for her Complaint at Law, hereby states as follows:

**NATURE OF THE ACTION**

1. This is a case involving Defendant, IDE Management Corporation, d/b/a North Logan Health Care, LLC. ("North Logan"), and the discrimination, harassment, and termination of an employee. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*; the Illinois Human Rights Act, 775 ILCS 5/2-102 *et seq*; the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*; and retaliatory discharge.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C.A §§ 1331 and 1343 and 42 U.S.C.A § 2000e-5(f)(3). Supplemental jurisdiction is conferred by 28 U.S.C.A § 1367 for Plaintiff's state law cause of action.

3. Venue is proper in the Urbana Division of the Central District of Illinois because the employment practices hereafter alleged to be unlawful were committed within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

5. Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") in #2021SF0561, and the Equal Employment Opportunity Commission ("EEOC") in #21B-2021-000138 on October 26, 2020, a true and correct copy of which is attached hereto as Plaintiff's Exhibit A. Plaintiff received a Notice of Substantial Evidence from the Illinois Department of Human Rights on August 18, 2021. See Exhibit B. Plaintiff received a Notice of Right to Sue from the EEOC on September 21, 2021. See Exhibit C. All allegations of said charges and exhibits are incorporated by reference.

## STATEMENT OF FACTS

6. At all relevant times herein, Plaintiff, Olivia McCullough, is a protected party under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e *et seq*., and the Illinois Human Rights Act, 775 ILCS 5/2-102, as a result of her race (African-American).

7. Defendant, North Logan Health Care LLC., is a long-term residential health care provider organized and existing under the laws of the state of Illinois and located in Vermilion County, Illinois.

8. Plaintiff was employed full-time with North Logan as a Certified Nurse's Aide/Assistant ("CNA") from approximately November 2016 until March 5, 2020. At all times during her employment, Plaintiff met and exceeded her employer's reasonable expectations.

9. In February of 2020, Dawn Merrill, a former employee of North Logan filed a cause of action against North Logan with the National Labor Relations Board ("NLRB") in Case-25-CA-254306, alleging that North Logan had engaged in unfair labor practices.

10. Plaintiff had worked with Merrill at North Logan and had been a witness to some of the events alleged by Ms. Merrill within her NLRB claim against North Logan.

11. On February 29, 2020, Complainant testified via telephone in Merrill's cause of action with the NLRB investigator, and provided a statement to Defendant's attorney.

12. On March 5, 2020, Plaintiff was called to management's office purportedly to have her statement to the NLRB notarized.

13. When Plaintiff arrived at the office, she met with North Logan administrators Neki Patel, Amber Perez, and Hope Bryant, who terminated Plaintiff allegedly for "gossip."

14. Complainant believes that North Logan terminated her employment due to her race (African-American) and in retaliation for her participation in protected activity by testifying before the NLRB.

**COUNT I**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e(k))**
**(Race Discrimination)**

15. Plaintiff repeats and re-alleges all of the paragraphs in this complaint as if fully set forth herein.

16. Plaintiff's race is African-American and she is a protected party under Title VII (Civil Rights Act of 1964, Section 701 *et seq.*, 42 U.S.C.A. 2000e *et seq*).

17. Defendant was an "employer" under 42 U.S.C.A. § 2000e(b) which defines an "employer" to include a person engaged in an industry affecting commerce who has 15 or more employees for at least 20 calendar weeks in the current or preceding calendar year.

18. Plaintiff was terminated from her employment allegedly for "gossip" on March 5, 2020.

19. Other employees of North Logan who had engaged in similar conduct but who were not in the same protected class as Plaintiff were not subjected to the same race-based discrimination.

20. The discriminatory conduct described above was the result of a willful or intentional effort on the part of North Logan to discriminate against Plaintiff for reason of her race.

21. As a direct and proximate result of one or more of the above acts of intentional discrimination on the basis of race, Plaintiff has sustained monetary damages, damage to her professional reputation, emotional distress, and is entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs.

## COUNT II
## Illinois Human Rights Act, 775 ILCS 5/2-101(A)

22. Plaintiff repeats and re-alleges all of the paragraphs in this complaint as if fully set forth herein.

23. Plaintiff was an "employee" as defined under the Illinois Human Rights Act ("IHRA") 775 ILCS 5/2-101(A).

24. Defendant, North Logan Health Care LLC., is an employer within the meaning of the Act, 775 ILCS 5/101(B)(1)(b) and engaged in business practices within this judicial district.

25. At all times throughout the course of her employment, Plaintiff adequately performed her job duties and satisfied all reasonable expectations imposed upon her in connection with her employment.

26. Plaintiff was in a protected class as a result of her race (African-American). Defendant, by and through its agents, was aware of Plaintiff's race.

27. Defendant discriminated against Plaintiff in violation of the Act by terminating Plaintiff due to her race. The allegation that Plaintiff had engaged in "gossip" was pretextual for Plaintiff's unlawful termination.

28. The discriminatory misconduct described above was the result of a willful or intentional effort

on the part of Defendant to discriminate against Plaintiff due to her race.

29. Plaintiff was treated differently than her similarly situated co-worker(s) at her employment. Other individuals who were not members of the Plaintiff's protected class with similar contributions and achievements were not terminated under similar circumstances by Defendant.

30. As a result of Defendant's unlawful employment actions complained of herein, Plaintiff experienced, and continues to experience, lost wages and benefits. Additionally, Plaintiff has suffered and continues to suffer from severe emotional distress and mental anguish. Plaintiff seeks compensatory damages, reasonable attorney's fees and costs, and other appropriate legal and equitable relief.

31. To prevent future violations of the Act, Plaintiff seeks an award of punitive damages against Defendant.

## COUNT III
## Illinois Whistleblower Act, 740 ILCS 174/1 *et seq*.

32. Plaintiff repeats and re-alleges all paragraphs in this complaint as if fully set forth herein.

33. As set forth in the preceding paragraphs, Plaintiff engaged in activities for which employees are protected from retaliation by the Whistleblower Act, 740 ILCS 174/1 *et seq*.

34. Under the Illinois Whistleblower Act, an employer may not retaliate against an employee "who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation," 740 ILCS 174/15(a).

35. In addition, an employer cannot retaliate against an employee "for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation," 740 ILCS

174/15(b).

36. By engaging in the adverse conduct described in the preceding paragraphs, Defendants engaged in a pattern of retaliation against Plaintiff in violation of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.*, as Plaintiff provided information regarding an investigation being conducted by the NLRB on February 29, 2020. Several days later, the Plaintiff was terminated by Defendant. The reason Defendant provided for Plaintiff's termination, allegedly for "gossip," was pretextual in nature, as the true reason for Plaintiff's termination was related to her participating in an investigation by the NLRB.

37. Defendant's unlawful conduct caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, humiliation, and embarrassment. Plaintiff will continue to suffer these damages in the future.

38. Defendant's unlawful conduct was intentional and undertaken with malice and reckless indifference to Plaintiff's rights under the Whistleblower Act, and Plaintiff therefore seeks awards of punitive damages against Defendant in order to deter them and others similarly situated individuals from such wrongful conduct in the future.

## COUNT IV
### (Retaliatory Discharge-State Law Claim)

39. Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

40. Plaintiff was terminated by Defendant on March 5, 2020.

41. Plaintiff's discharge was in retaliation for her protected activity related to participating in an NLRB investigation.

42. There is a causal relationship between Plaintiff's protected activity and her termination.

43. Plaintiff's discharge violates a clear mandate of public policy.

44. Defendant's unlawful conduct caused Plaintiff substantial damages, including but not limited to: loss of employment, loss of past and future income and benefits, loss of earning capacity, emotional distress, loss of reputation, humiliation, and embarrassment. Plaintiff will continue to suffer these damages in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this honorable Court grant the following relief:

A. Award damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in this complaint;

B. Order that Plaintiff be reinstated to her previous employment position;

C. Grant Plaintiff a judgment for compensatory damages as to each count in an amount sufficient to fully compensate her, and grant Plaintiff a judgment against Defendant for punitive damages;

D. Assess against the Defendant and in favor of Plaintiff such liquidated and exemplary damages as may be provided by law for the willful violations of the law committed by it;

E. Award Plaintiff damages for pain and suffering;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Grant Plaintiff reasonable attorneys' fees, costs, and fees for experts; and

H. Grant Plaintiff such other relief as this Court deems necessary and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

| | |
|---|---|
| Ronald S. Langacker, #6239469<br>Langacker Law, Ltd.<br>210 N. Broadway<br>Urbana, Illinois 61801<br>(217) 954-1025<br>ron@langackerlaw.com | OLIVIA MCCULLOUGH,<br>PLAINTIFF<br><br>By: /s/Ronald S. Langacker<br>Ronald S. Langacker<br>Attorney for Plaintiff |